IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**EDDIE S. MORSE**                                                                        **PLAINTIFF**

VS.                                    **CASE NO. 3:09CV00153 JMM**

**GARY VINSON, ET AL.**                                                              **DEFENDANTS**

## ORDER

Pending before the Court are defendants Claudia Nobles's, Ann McCathy's, Keith Bowers's, Sgt. Mike Munday's, and Chaney Taylor's First Motion to Dismiss (#3); defendant Gary Vinson's Motion to Dismiss and Alternative Motion for More Definite Statement (#5); defendant Linda Boone's Motion to Dismiss (#6); defendant Tom Allen's Motion to Dismiss (#21); defendants Linda Boone's, Don McSpadden's, Chaney Taylor's, and Tim Weaver's Motion to Dismiss (#25); defendant Scott Stalker's Motion to Dismiss (#27); defendant Oscar E. Jones's Motion to Dismiss (#39); and defendants Does's First Motion to Dismiss (#45). Plaintiff has filed a response to all these motions with the exception of defendants Does's First Motion to Dismiss. For the reasons stated below the motions are granted and plaintiff's complaint is dismissed.

On August 31, 2009, plaintiff filed his complaint seeking declarative and injunctive relief asserting jurisdiction based upon the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(a); 28 U.S.C. § § 1331 (federal question) and 1361 (mandamus); the Federal Declaratory Judgment Act, 28 U.S.C. § § 2201-2202; and 18 U.S.C. § 3332(a) (special grand jury).

1

Plaintiff's allegation are against two defense attorneys, a state prosecuting attorney, a deputy prosecuting attorney, a district court judge, a state circuit court judge, unnamed municipal court clerks, circuit court clerks, a sheriff, a deputy sheriff, and unknown jail personnel who he claims have violated his rights by participating in multiple false arrests and convictions, by participating in cover-ups of these false arrests and convictions, and by creating false court documents.  Plaintiff also alleges that his attorneys conspired with the state court judge to illegally sentence him on various charges, that his attorneys failed to represent him in state court proceedings, and that he was denied the right to a trial.   All of these allegations are related to various domestic disputes between plaintiff and his ex-wife.

For relief, plaintiff seeks a jury trial, the opportunity to present evidence regarding defendants's wrongdoing to a special grand jury, a permanent restraining order preventing defendants from retaliating against him, discipline for the attorney and judicial defendants, and this Court's assistance in trying his case.

Pursuant to Federal Rule of Civil Procedure 12(b)(1) a Court must dismiss the matter if it lacks subject matter jurisdiction of the complaint.  *See* Fed.R.Civ.P. 12(b)(1).  The Court must determine on the face of the complaint whether plaintiff has alleged the necessary elements for subject matter jurisdiction, and in making this determination, the Court must presume that all factual allegations concerning jurisdiction are true. *See Titus v. Sullivan*, 4 F.3d 590 (8th Cir. 1993) (citations omitted).

Under Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations made in the complaint as true, and dismiss the case only when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle

[him] to relief.' " *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) *(quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

Accepting plaintiff's allegations as true, his claims must be dismissed as he either lacks standing to bring these claims, failed to establish subject matter jurisdiction, or failed to state a claim upon which relief can be granted. *See Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 980 (8th Cir. 2009) ("[I]f a plaintiff lacks standing, the district court has no subject matter jurisdiction.") (citations omitted); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 512, 126 S.Ct. 1235, 1244 (2006)( federal court subject matter jurisdiction based upon federal question, 28 U.S.C. § 1331, and diversity, 28 U.S.C. § 1332); *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570 (standard for motion to dismiss based upon sufficiency of allegations).

A plaintiff has standing to bring a RICO claim only if the RICO violation both factually and proximately caused injury to the plaintiff's business or property. *See Regions Bank v. J.R. Oil Co.*, 387 F.3d 721, 728-29 (8th Cir. 2004) (explaining, to have standing to bring a civil RICO claim, plaintiff must have suffered a loss not mere injury to a valuable intangible property interest).

A review of plaintiff's complaint and his responses to the motions to dismiss reflect that plaintiff's claims are based upon his allegations that defendants's violated his right to justice. Plaintiff does not make allegations of an injury to his business or property.[1]  Moreover, in his

---

[1] Although plaintiff initially alleges in his complaint that he has been "defrauded of his property", he failed to plead any facts to support such a claim.

responses to the pending motions to dismiss, plaintiff clearly states that he is not seeking any money damages.[2]

This Court lacks subject matter jurisdiction over plaintiff's Declaratory Judgment Act claim because that Act only applies if plaintiff's claim is based upon a substantive federal claim. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950). Here, there is no substantive federal claim as plaintiff's RICO claim has been dismissed. Thus plaintiff's Declaratory Judgment Act claim is also dismissed.

The Writ of Mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. *See Taylor v. Barnhart*, 399 F.3d 891, 894 (8th Cir. 2005) (citations omitted).

In the first instance, plaintiff's mandamus claim fails because he did not name a federal officer as a defendant. *See Longie v. Spirit Lake Tribe*, 400 F.3d 586, 591 (8th Cir. 2005) (court held that federal jurisdiction based upon § 1361 does not exist when plaintiff failed to name federal defendant).

Plaintiff did make allegations concerning the United States Attorney General's Office in the body of the complaint. To the extent that these allegations could be construed to name a federal defendant, the mandamus claim would still fail as plaintiff failed to plead sufficient facts establishing that this federal defendant owes him a clear nondiscretionary duty. *See Id.* at 589 (even if federal defendant named, plaintiff must still identify the duty owed by this federal defendant).

---

[2]Although defendants raise defenses to a 42 U.S.C. § 1983 claims, the plaintiff states in his responses that he is not making a § 1983 claim.

Plaintiff cites *In re Woods*, 833 F.2d 113 (8th Cir. 1987) for the proposition that the United States Attorney General had a "duty to investigate and present evidence of the criminal acts of the Independence County Officials listed as defendants." (Pl. Complaint at 13).

In *Woods* the Court of Appeals for the Eighth Circuit held that "the general rule is, of course, that an individual cannot bring accusations before a grand jury unless invited to do so by the prosecutor or the grand jury.  A well-recognized exception to this rule is that the court in its supervisory power can authorize an individual to appear before a grand jury if it feels that the circumstances require." *Id.* at 116.

*Wood,* however, is readily distinguishable.  There, the trial court threatened to allow an accuser to present evidence to a grand jury if the prosecutor did not present that evidence in accordance with the Court's special instructions.  In that case the criminal allegations at issue had already been brought before the grand jury by the United States Attorney. *Id*. at 114-15. Here, plaintiff seeks the initiation of a new criminal investigation.  Under the circumstances of this case, the United States Attorney does not owe such a duty to plaintiff.

Even if there was such a duty, it is not a clear nondiscretionary duty. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *Fish v. Ristvedt*, 192 F.Supp.2d 1024 1030-31 (D.N.D. 2002) (decision not to investigate or prosecute rests well within the discretion of the United States Attorney);  *Tyler v. United States Attorney*, 2007 WL 3028420 (D. Neb. 2007) (jurisdiction does not vest by writ of mandamus as United States Attorney has discretion in prosecution) (unpublished).

Plaintiff also failed to state a claim pursuant to 18 U.S.C. § 3332 as he failed to allege that a special grand jury summoned pursuant to 18 U.S.C. § 3331 is in session. As stated above, the Court found that plaintiff is not entitled to have a special grand jury seated. If there is no special grand jury seated, § 3332 is not applicable. *See also Banks v. United States Attorney*, 318 Fed. Appx 56 (3rd Cir. 2009) (§ 3332 does not enable plaintiff who alleged that officials violated his rights by falsifying documents to present case to grand jury) (unpublished).

Plaintiff's complaint is dismissed and Judgment will be entered accordingly.

IT IS SO ORDERED this __27__ day of January, 2010.


_____
James M. Moody
United States District Judge